533 So.2d 1118 (1988)
Billy Gunn BROWN
v.
STATE of Mississippi.
No. 57899.
Supreme Court of Mississippi.
November 9, 1988.
Rehearing Denied December 7, 1988.
*1119 G. Jyles Eaves, Louisville, John Arthur Eaves, Jackson, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Deirdre D. McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:

STATEMENT OF THE CASE
We are called on today to interpret in a case of first impression, § 99-15-26 of the *1120 Mississippi Code. The appeal before us was taken from an order of the Circuit Court of Lauderdale County, denying the appellant's motion to withdraw a guilty plea entered under § 99-15-26, and sentencing him to four years in the custody of the Mississippi Department of Corrections.

FACTS
On September 7, 1984, Billy Gunn Brown was indicted by a Lauderdale County Grand Jury on a charge of embezzling $21,983.32 from funds collected in his capacity as justice court judge. After reaching a plea bargain agreement with the State, Brown filed in Lauderdale County Circuit Court a petition to enter a plea of guilty. The petition specified that Brown disclaimed any guilt of the charge against him, but that he was accepting the plea bargain under the authority of North Carolina v. Alford,[1] 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The petition stated in part:
Based upon the evidence which I have been informed that the State intends to offer at my trial and in consideration of the plea bargaining offer made by the State of Mississippi and having weighed those facts, I do hereby waive my right to a trial by jury to accept said plea bargaining under the authority of North Carolina v. Alford, 400 U.S. 25 [91 S.Ct. 160, 27 L.Ed.2d 162] (1970), while maintaining my innocence. [The] State has recommended (4) four years pursuant to Section 99-15-26 M.C.A. (1972), as amended with the court to determine the supervision, if any, restitution which has already been performed and the defendant to pay court costs. There are no other charges pending against me or to be presented based upon my understanding with the State at this time.
Section 99-15-26 of the Mississippi Code (Supp. 1987) provides:
(1) In all criminal cases, felony and misdemeanor, other than crimes against the person, the circuit or county court shall be empowered, upon the entry of a plea of guilty by a criminal defendant, to withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subdivision (2) of this section. No person having previously qualified under the provisions of this section or having ever been convicted of a felony shall be eligible to qualify for release in accordance with this section. A person shall not be eligible to qualify for release in accordance with this section if such person has been charged (a) with an offense pertaining to the sale, barter, transfer, manufacture, distribution or dispensing of a controlled substance, or the possession with intent to sell, barter, transfer, manufacture, distribute or dispense a controlled substance, as provided in Section 41-29-139(a)(1), Mississippi Code of 1972, except for a charge under said provision when the controlled substance involved is one (1) ounce or less of marihuana; or (b) with an offense pertaining to the possession of one (1) kilogram or more of marihuana as provided in Section 41-29-139(c)(2)(D), Mississippi Code of 1972.
(2) Conditions which the circuit or county court may impose under subdivision (1) of this section shall consist of:
(a) Reasonable restitution to the victim of the crime.
(b) Performance of not more than nine hundred sixty (960) hours of public service work approved by the court.
(c) Payment of a fine not to exceed the statutory limit.
(d) The court may, in its discretion, require the defendant to remain in the program subject to good behavior for a period of time not to exceed one-half (1/2) of the maximum sentence allowable *1121 for the crime committed by the defendant.
(3) Upon successful completion of the court-imposed conditions permitted by subdivision (2) of this section, the court shall direct that the cause be dismissed and the case be closed.
(4) This section shall take effect and be in force from and after March 31, 1983.
It was this section under which Brown agreed to plead, and which allows circuit or county judges in limited circumstances to receive a criminal defendant's guilty plea, but withhold acceptance of the plea, and defer sentencing. If the defendant successfully completes certain court-imposed conditions, the cause against him is then dismissed and the case closed.
Following a hearing and pre-sentence investigation, Judge Henry W. Palmer accepted Brown's guilty plea, having determined that it was made voluntarily and with knowledge of its consequences. Pursuant to § 99-15-26, however, Judge Palmer withheld adjudication of guilt. Judge Palmer's order placed Brown under the supervision of the Mississippi Department of Corrections for a period of four years. The judge's order, dated June 27, 1985, stated in part:
Therefore, for said offense and on said plea of guilty, and with the consent of Billy Gunn Brown, being expressed in open Court, it is therefore ORDERED AND ADJUDGED that entering of judgment of guilty and further proceedings in this action are hereby deferred, and Court does accept guilty plea but withholds adjudication of guilt. And it having been made known to the Court that the ends of justice and the best interest of the public will be best served under Section 99-15-26 if further proceedings herein are deferred for a period of four years and the defendant is hereby placed under the supervision of the Mississippi Department of Corrections for four years until the Court in term time or a Judge in vacation shall either enter an adjudication of guilty in accordance herewith to sentence the defendant or until the Court shall alter, extend or terminate the above period of probation and its conditions, and said probationary period shall be subject to the following conditions:

(a) Defendant shall hereafter commit no offense against the laws of this or any state of the United States, or of the United States.

(Emphasis added).
On August 25, 1986, Brown was convicted of the crimes of sexual battery upon a minor child, touching and handling a minor child for lustful purposes, and two counts of contributing to the delinquency of a minor. These offenses occurred during the period between May, 1985, and September, 1985. Since one or more of the offenses occurred after the date of Judge Palmer's order relative to the embezzlement charge, Brown was in violation of that part of the order which stated: "Defendant shall hereafter commit no offense against the laws of this or any state of the United States, or of the United States."
On September 2, 1986, Mary Boler, Field Officer with the State Department of Corrections, filed a petition to have Brown's probation revoked. That same day, the State of Mississippi, through District Attorney Charles Wright, filed a petition asking the court to adjudicate Brown guilty of embezzlement and to impose sentence.
On September 5, 1986, Brown filed a motion to withdraw his guilty plea which had been accepted without adjudication of guilt, and to enter a plea of not guilty. A hearing on all of these motions was conducted on September 9, 1986. At the hearing, Brown testified that at the time he entered the plea he understood that if Judge Palmer were to decide to accept his guilty plea, then he (Brown) would be allowed to withdraw the plea and request a trial.[2] He admitted, however, that he was *1122 aware when entering his guilty plea that he was being placed on "a certain type probation" and that the probation would be subject to revocation if he should violate the terms of the court's order. After the State presented evidence of Brown's August, 1986 convictions, and following arguments of counsel, the judge denied Brown's motion to withdraw his guilty plea, and granted the motions of the State. The judge stated in his order:
To take the situation as [the defendant urges] would be to say that an individual could ... choose to maintain his innocence and offer to plead guilty under [section] 99-15-26 and then could do what he wanted when he wanted and however he wanted and then and only then could he be tried if he chose not to have his guilty plea invoked and that would amount to just in effect a blanket continuance at the whim and wish of the defendant. I don't think that is what was conceived. I don't think that would be fair.
The defendant was put under probation. He violated the terms of it. His original bargain was for four years pending good behavior. I am convinced that by being convicted, it wasn't good behavior, therefore, he ought to be committed to serve the four years that he originally bargained for. That will be the order of the court.
From this order of the circuit court, denying his motion to withdraw his guilty plea and sentencing him to four years imprisonment, Brown appeals.

DID THE TRIAL COURT ERR IN REFUSING TO ALLOW BROWN TO WITHDRAW HIS GUILTY PLEA AND ENTER A PLEA OF NOT GUILTY AFTER HE VIOLATED THE CONDITIONS IMPOSED BY THE COURT PURSUANT TO SECTION 99-15-26 OF THE MISSISSIPPI CODE?
Brown contends that the circuit court had no authority under § 99-15-26 to place him on probation, and that the petition filed by the Department of Corrections to revoke Brown's probation was therefore null and void. Subdivision (2)(d) of § 99-15-26 states: "The court may, in its discretion, require the defendant to remain in the program subject to good behavior for a period of time not to exceed one-half (1/2) of the maximum sentence allowable for the crime committed by the defendant." (Emphasis added). It would be promoting form over substance to say that this provision does not authorize a defendant to be placed on probation. We hold that the language of the statute, even though it does not use the specific word "probation," nevertheless authorizes the court to place a defendant on probation. As the trial judge noted in his order of judgment, Brown signed and received a copy of the court's order setting out the terms of his plea bargain. That order specifically stated that Brown would be on probation for a period of four years, subject to certain conditions, one of which was that he refrain from violating any laws of this state, of any other state, or of the United States itself. Brown should not be heard to complain now that the court had no right to put him on probation.
Subdivision (3) of § 99-15-26 states: "Upon successful completion of the court-imposed conditions permitted by subdivision (2) of this section, the court shall direct that the cause be dismissed and the case be closed." (Emphasis added). The statute does not explicitly state, however, what action the court should take if a defendant violates the conditions imposed by the court. Brown argues that the proper action would be to notify the defendant that he has violated the terms of the court imposed conditions and to allow the defendant either to re-enter a plea of guilty or to withdraw his guilty plea and proceed to trial.
Brown's argument fails for two reasons. First, the language of § 99-15-26 implicitly *1123 supports the action taken by the trial court in the present case. Subdivision (1) of the statute provides that the court may "withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subdivision (2) of this section." This language clearly implies that if the court-imposed conditions are not successfully completed, then the court is empowered to accept the guilty plea and impose sentence thereon.
Second, the trial court's action was consistent with what we believe was the intent of the legislature in enacting § 99-15-26. In Sheffield v. Reece, 201 Miss. 133, 143, 28 So.2d 745, 749 (1947) this Court stated: "In construing statutes, not only the language but the purpose and policy which the legislature has in view must be considered, and the Court in construing a statute will give effect to such purpose and policy, though the interpretation may go beyond the letter of the law."
Section 99-15-26 is an extraordinary provision which allows certain misdemeanor and first-time felony offenders to be sanctioned for their offenses by means other than incarceration. The opportunity offered under this section for an offender to successfully complete the prescribed program and subsequently have his criminal record wiped completely clean provides a tremendous incentive for the offender to comply with the conditions imposed by the court. Undoubtedly, this added incentive for an offender to "go straight" was a major reason for the legislature to enact this particular statute. The intent of the legislature in enacting § 99-15-26 was almost certainly not, as the appellant hypothesizes, to promote judicial economy. If judicial economy had been the legislature's goal, that purpose could have been adequately served by § 47-7-33 of the Mississippi Code, which provides:
[A]ny circuit court or county court ... shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided... .
(Emphasis added). What sets § 99-15-26 apart from the ordinary probation provisions covered under § 47-7-33, is the defendant's opportunity, after successful completion of the program, to start afresh, without any criminal record whatsoever.
There are two very practical reasons why we believe and we hold that the legislature did not intend that a defendant has a right to withdraw a guilty plea made under the provisions of § 99-15-26. First, since a defendant may be required to remain in the program for a period of time up to one-half the maximum sentence allowable for the crime committed, there could be a substantial period of time between the date of the defendant's guilty plea and the scheduled date for completion of the program; therefore, violation of the conditions imposed pursuant to the statute could conceivably occur years after the defendant's guilty plea was entered. If the defendant in such a situation were allowed to withdraw his guilty plea and demand a trial, the prosecution would be severely handicapped in its efforts to bring the case to trial. Witnesses might have disappeared, and other evidence might well have been lost in the interim period. Surely the legislature did not intend such a result. A second reason, and this is a corollary of the first, is that if a defendant were allowed to withdraw his guilty plea and demand a trial whenever he violated the conditions imposed by the court, prosecutors would refuse to make plea bargain arrangements recommending the use of the program, and judges would be understandably reluctant to place defendants in the program authorized under § 99-15-26. The end result would be to severely limit, if not eliminate, the opportunity which the legislature intended to provide for non-violent misdemeanor or first-time felony offenders. The legislature surely did not intend to defeat the very purpose of the statute. "An unwise purpose *1124 will not be imputed to the legislature when a reasonable construction is possible." Sheffield v. Reece, 201 Miss. 133, 143, 28 So.2d 745, 749 (1947).
We hold that § 99-15-26 of the Mississippi Code did not require the trial court to allow Brown to withdraw his guilty plea.
Brown argues alternatively that his motion to withdraw his guilty plea should have been granted because the guilty plea did not conform to the requirements of Rule 3.03 of the Uniform Criminal Rules of Circuit Court Practice. Rule 3.03(2) provides that "[b]efore the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea." Brown claims that there was no factual basis for his guilty plea, which he reiterates was made while he still asserted his innocence.
There is no merit to this argument. On June 10, 1985, before Brown entered his guilty plea, the trial judge conducted a hearing on Brown's demurrer to the indictment against him. At that hearing Brown testified in his own behalf and was cross-examined by the State. Roy Rodman, the investigator for the Mississippi Commission of Judicial performance who had investigated Brown, testified on behalf of the State. Following a recess, Brown filed with the court a petition to enter a plea of guilty. The first sentence of the petition stated: "Based upon the evidence which I have been informed that the State intends to offer at my trial ... I do hereby waive my right to a trial by jury to accept said plea bargaining... ." (Emphasis added). A hearing was held that same day prior to the court's accepting Brown's guilty plea. Brown was represented by two attorneys at the hearing. In response to the judge's questioning, Brown stated that he was not under the influence of alcohol or drugs, and that he was not suffering from any mental disease or disorder. He further stated that he had read the petition to enter a plea of guilty, that he understood it, that the information thereon was true, and that the signature on the petition was his. The judge very clearly explained to Brown and his attorneys the consequences of Brown's guilty plea. Not only was there a factual basis for the guilty plea, but there was sufficient evidence adduced to support the judge's finding that the guilty plea was made intelligently and voluntarily. In Sanders v. State, 440 So.2d 278 (Miss. 1983), this Court held: "Where a plea of guilty has been intelligently and voluntarily entered, it is sufficient to undergird an unassailable final judgment of conviction." 440 So.2d at 283 (citing North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 162 (1970).
Under Rule 3.03(4) of the Uniform Criminal Rules of Circuit Court Practice, "[i]t is within the discretion of the court to permit or deny a motion for the withdrawal of a guilty plea." See Thomas v. State, 472 So.2d 425, 427-28 (Miss. 1985). Based on the evidence in the record, we find that the trial court acted well within its discretion in denying Brown's motion to withdraw his guilty plea.
For the foregoing reasons, we affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] North Carolina v. Alford held that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime" when he "intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." 400 U.S. at 37, 91 S.Ct. at 167.
[2] At the time Brown entered his guilty plea, the trial judge advised him that it would take about two weeks for a pre-sentence investigation to be conducted to determine whether Brown had previously been convicted of a felony or was otherwise ineligible to enter a guilty plea under § 99-15-26. The judge advised Brown that if, at the conclusion of the investigation, the court for some reason could not accept the State's recommendation, then Brown would be allowed to withdraw his plea and go to trial. There was, however, nothing discovered during the pre-sentence investigation that prevented the court's acceptance of the plea bargain arrangement recommended pursuant to § 99-15-26.