## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CP-00654-SCT

*DANA ANDREW PORTER*

*v.*

*STATE OF MISSISSIPPI*

### ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 10/15/1998 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT S. FLYNN |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/22/2001 |
| MOTION FOR REHEARING FILED: | 04/13/2000 |
| MANDATE ISSUED: | 3/1/2001 |

**EN BANC.**

**PITTMAN, CHIEF JUSTICE, FOR THE COURT:**

¶1. The motion for rehearing is denied, and this opinion is issued in lieu of our previous per curiam affirmance.

### STATEMENT OF THE CASE

¶2. Dana Andrew Porter petitioned the Circuit Court of Harrison County to allow him to enter a guilty plea to the charge of business burglary pursuant to Miss. Code Ann. § 97-17-33 (2000)**.** Porter then entered his guilty plea in open court. The circuit court, pursuant to Miss. Code Ann. § 99-15-26 (2000), withheld acceptance of Porter's guilty plea, adjudication of guilt, and imposition of sentence pending Porter's completion of two years of non-adjudication probation.

¶3. Porter failed to make the payments for restitution and court costs that had been ordered by the court. The circuit court sentenced Porter to five years in the custody of the Mississippi Department of Corrections, with the sentence to run consecutively to the sentences in two other pending causes. Porter filed a Petition for Post-Conviction Relief, asserting that his sentence of five years was illegal. The circuit court denied Porter's petition.

### DISCUSSION

**I. WHETHER THE COURT ERRED IN SENTENCING PORTER TO FIVE YEARS FOR VIOLATION OF HIS PROBATION.**

¶4. In the case sub judice, the circuit judge's order stated in pertinent part:

> The Court specifically withholds acceptance of defendant's plea and adjudication of guilt and imposition of sentence in accord with Mississippi Code 1972, Annotated, Section 99-15-26 pending successful completion of the conditions imposed in this order.
>
> . . .[t]he defendant is hereby placed under supervision of the Mississippi Department of Corrections for a period of **TWO YEARS NON-ADJUDICATION PROBATION. . .**

The judge specifically stated that he was withholding "acceptance of defendant's plea and adjudication of guilt and imposition of sentence in accord with Mississippi Code 1972, Annotated, Section 99-15-26 pending successful completion of the conditions imposed in this order." Miss. Code Ann. § 99-15-26 states in pertinent part that:

> (1) In all criminal cases, felony and misdemeanor, other than crimes against the person, the circuit or county court shall be empowered, upon the entry of a plea of guilty by a criminal defendant, **to withhold acceptance of the plea and sentence** thereon pending successful completion of such conditions as may be imposed by the court pursuant to subdivision (2) of this section . . . .

Miss. Code Ann. § 99-15-26 (2000)(emphasis added). The wording of the order, as well as the cite to the applicable statute, clearly shows that the judge did not sentence Porter in the order in question.

¶5. In *Wallace v. State*, 607 So.2d 1184 (Miss. 1992), Wallace agreed to plead guilty to forgery in exchange for his case being handled under § 99-15-26. He was placed on probation for three years under the conditions that he make restitution and violate no laws. Wallace was later arrested and found guilty on additional bad check charges as well as the charge handled under § 99-15-26. The judge immediately sentenced Wallace to a term of forty-nine years. *Id.* at 1186. This Court upheld Wallace's sentence, stating:

> **In § 99-15-26 proceedings, the trial court never accepts the guilty plea and never imposes a sentence if the defendant fulfills the court-imposed conditions.** Where a guilty plea is accepted and a suspended sentence is imposed, the court cannot later impose a period of incarceration exceeding the original suspended sentence where the defendant fails to maintain a standard of good behavior. . . . In the instant case, the court's imposition of a forty-nine and a half year sentence was not an extension of a preexisting sentence. Indeed, Wallace could not have been sentenced prior to February 9, 1990 (the day on which the forty-nine and a half year sentence was imposed), because he had never been adjudged guilty before that date.

*Wallace*, 607 So.2d at 1187 (emphasis added).

¶6. The same reasoning applies in this case. The judge did not adjudge Porter guilty or sentence him for the original charge. When Porter failed to make court-ordered restitution payments, the court found him guilty of business burglary and sentenced him to five years in prison. The maximum sentence allowed under § 97-17-33(i) is seven years. Porter's sentence of five years falls well under the statutory maximum.

**CONCLUSION**

¶7. For the foregoing reasons, the judgment of the Circuit Court of Harrison County is affirmed.

¶8. **THE MOTION FOR REHEARING IS DENIED. AFFIRMED.**

**BANKS AND McRAE, P.JJ., SMITH, MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR.**