WALLER, Chief Justice,
dissenting:
¶ 18. Mosley’s crimes should not be taken lightly, and Mosley may very well deserve a harsh sentence. But because I *844 find that there is insufficient evidence in the record to justify a 126-year sentence without the possibility of parole or early release, I would remand this case for further consideration of the sentence. Therefore, I respectfully dissent.
¶ 19. Generally, “a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal.” E.g., White v. State, 742 So.2d 1126, 1135 (Miss.1999) (citing Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992)). We consider the three-pronged, Eighth-Amendment proportionality test set forth in Solem v. Helm, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 3010-11, 77 L.Ed.2d 637 (1983),[3] “only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of ‘gross dispropor-tionality.’ ” Thomas v. State, 48 So.3d 460, 479 (Miss.2010) (quoting Johnson v. State, 950 So.2d 178,183 (Miss.2007)).
¶ 20. Solem is not implicated here because the Legislature, as a matter of policy, has chosen to impose stiff penalties for drug offenders (and repeat offenders) and Mosley’s sentence was within those statutory guidelines. See Stromas v. State, 618 So.2d 116, 123 (Miss.1993). Even so, there are cases where the sentence is so severe based on the record before us that remand for further consideration of the sentence is necessary. Davis v. State, 724 So.2d 342, 344-45 (Miss.1998).
¶ 21. In Presley v, State, 474 So.2d 612, 613 (Miss.1985), the defendant was convicted of armed robbery as a habitual offender and sentenced to forty years in prison without the possibility of parole. Id. at 613. At the sentencing hearing, the defendant presented no mitigating circumstances, even though the trial court had invited him to do so. Id. at 617-18. As a result, the sentencing hearing consisted of the trial court admitting the defendant’s prior convictions into evidence and then sentencing him as a habitual offender. Id. This Court found that there had not been an adequate presentencing hearing; thus, it vacated the sentence and remanded the case for a resentencing hearing. Id. at 620. The Court stated that “there are cases, even when the [defendant] and his attorney fail to prepare and complete a sentencing record, where the trial court must consider all facets, background^] and record in a sentencing hearing in order that a just and proper sentence may be imposed.” Id.
¶ 22. This Court relied upon Presley in Davis. Davis, 724 So.2d at 344-45. There, the defendant was found guilty of selling cocaine within 1,500 feet of a church and sentenced to sixty years in prison. Id. at 343. The Court remanded the case for resentencing because it found that there was not enough evidence in the record to support a finding that the trial court had not abused its discretion in sentencing the defendant to sixty years. Id. at 345. The record, for example, did not tell how many prior offenses were in the defendant’s history or the nature of or the punishment given for those offenses. Id. at 344.
¶ 23. White v. State, 742 So.2d 1126 (Miss.1999), was yet another case in which this Court found nothing in the record to justify a sixty-year prison sentence for a first-time offender who had sold a small amount of cocaine within 1,500 feet of a church. Id. at 1129,1135-38.
¶ 24. Here, the trial court conducted a sentencing hearing without the benefit of a *845 presentence investigation under Rule 11.02 of the Uniform Circuit and County Court Rules. During the hearing, the State established that Mosley had prior convictions of (1) setting fire to a state-supported school building and (2) cocaine possession and marijuana possession. Mosley’s sole sentencing witness was Mississippi Bureau of Narcotics Agent Steven Woodruff. Mosley asked Woodruff one brief question: Had Woodruff ever run a criminal information check on Mosley? The State objected immediately, and Mosley abandoned any further examination. Thereafter, the trial court imposed a sentence that totaled 126 years, with no possibility of parole, probation, or early release. The trial court cited Mosley’s prior offenses and Mosley’s decision “to basically spend a life of crime” in reaching its decision.
¶ 25. Sentencing, within statutory parameters, and the decision to call for a presentence investigation lie within the trial court’s discretion. Davis, 724 So.2d at 344 (citations omitted). Yet, the severity of the sentence in this case is concerning, given that the record is devoid of any egregious circumstances. Id. Further, there is nothing in the record relating to the facts or details of Mosley’s other crimes and whether any mitigating circumstances existed. Presley, 474 So.2d at 619.
¶ 26. As in Presley, the trial court here cannot be faulted for the inadequate pre-sentencing hearing. Id. at 620. Mosley had the opportunity to present witnesses and put on mitigation evidence. That did not happen, however. Without further information about the facts surrounding his offenses and any mitigating or egregious circumstances, I cannot say confidently that Mosley received a just and proper sentence.
¶ 27. For these reasons, I would vacate Mosley’s sentence and remand the case for further consideration of the sentence in light of the principles set forth in Presley and “in the spirit of Solem.” Davis, 724 So.2d at 345.
DICKINSON, P.J., AND KITCHENS, J., JOIN THIS OPINION.

. The three prongs are: (1) "the gravity of the offense and the harshness of the penalty”: (2) "the sentences imposed on other criminals in the same jurisdiction”; and (3) "the sentences imposed for commission of the same crime in other jurisdictions.” Solem, 463 U.S. at 292, 103 S.Ct. 3001.