LEE, C.J.,
for the Court:
PROCEDURAL HISTORY AND FACTS
¶ 1. On March 30, 2010, in the DeSoto County Circuit Court, Jonathan Miller pleaded guilty to sexual battery. Miller was sentenced to twenty years, with ten years to serve in the custody of the Mississippi Department of Corrections and ten years of post-release supervision, with the first five years to be served on a reporting basis. Miller filed a motion for post-conviction relief on February 18, 2011. The trial court subsequently denied Miller’s motion for post-conviction relief.
¶2. Miller now appeals, asserting the following issues: (1) his trial counsel failed to inform him about the nature of an Alford plea; (2) his trial counsel failed to *862 review all the evidence before allowing him to plead guilty; (3) his trial counsel did not prepare properly for the plea hearing; (4) he was denied due process of law during his plea hearing; (5) his sentence was excessive; and (6) the cumulative errors warrant relief. As Miller’s first three issues address whether his trial counsel was ineffective, we will address them together.
STANDARD OF REVIEW
¶ 3. When reviewing a trial court’s denial or dismissal of a motion for post-conviction relief, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Madden v. State, 52 So.3d 411, 412 (¶ 6) (Miss.Ct.App.2011); Doss v. State, 19 So.3d 690, 694 (¶ 5) (Miss.2009).
I. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 4. In order to prevail on an ineffective-assistanee-of-counsel claim, Miller must show: (1) his counsel’s performance was deficient, and (2) the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because Miller challenges a guilty plea based on ineffective assistance of counsel, he must show “counsel’s errors proximately resulted in the guilty plea[,] and, but for counsel’s error, he would not have entered the guilty plea.” Deloach v. State, 937 So.2d 1010, 1011 (¶ 5) (Miss.Ct.App.2006).
¶ 5. Miller first contends his trial counsel was ineffective for failing to instruct him on the nature of an Alford plea. When a defendant enters into a guilty plea while maintaining his innocence, he has entered what is known as an Alford plea, in accordance with North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Alford holds that an express admission of guilt is not constitutionally required in order to be punished criminally. Id. at 37, 91 S.Ct. 160. “An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to ... a prison sentence even if he is unwilling or unable to admit his participation in the [alleged] acts.” Id.
¶ 6. During the plea colloquy, the trial court asked Miller if he understood “what North Carolina versus Alford mean[t]?” Miller responded that he did not, and the trial court subsequently explained the process. The record reflects Miller understood the purpose of an Alford plea. Miller further stated he had discussed the matter with his trial counsel prior to the plea hearing. According to Miller’s guilty-plea petition, Miller understood the district attorney would recommend Miller’s sentence be capped at ten years in the MDOC, and Miller would be out on bond while awaiting his sentencing. At no point during the plea colloquy did Miller state he was innocent of the crime charged; however, he did agree it was in his best interest to plead guilty. It is well settled that “[g]reat weight is given to statements made under oath and in open court during sentencing.” Gable v. State, 748 So.2d 703, 706 (¶ 11) (Miss.1999). This argument is without merit.
¶ 7. Miller further states his trial counsel was ineffective for failing to perform certain pretrial duties, such as filing a motion to transfer to youth court and obtaining certain documents from the Department of Human Services that might have concerned his victim. Miller’s trial counsel did file a motion to transfer, which the trial court denied. Regarding any documents from DHS, Miller has failed to show any error on the part of his trial *863 counsel or any resulting prejudice. These arguments are without merit.
¶ 8. Miller finally contends his trial counsel failed to consider all the evidence when advising him to plead guilty and was unprepared for the plea hearing. However, with this argument Miller is attempting to challenge the factual basis for his guilty plea. We will address this argument with Miller’s next issue.
II. DUE PROCESS
¶ 9. In his next issue on appeal, Miller contends his due-process rights were violated because there was not a factual basis for his guilty plea. Under Rule 8.04(A)(3) of the Uniform Rules of Circuit and County Court, “[b]efore the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea.” The court must also have before it “substantial evidence that the accused [committed] the legally defined offense to which he is offering the plea.” Burrough v. State, 9 So.3d 368, 373 (¶ 14) (Miss.2009). Ultimately, “there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime ehargedf.]” Corley v. State, 585 So.2d 765, 767 (Miss.1991) (citing United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757,102 L.Ed.2d 927 (1989)).
II10. At the guilty-plea hearing, the State informed the trial court that it was prepared to prove that Miller had forced a five-year-old girl to place his penis in her mouth. The child was present in the courtroom and prepared to testify. Another witness was prepared to testify that although she did not see the criminal act, she did see Miller and the victim in a compromising situation. The State also included the results of a forensic interview in which the victim discussed the incident with a trained social worker. The trial court found enough proof to support a strong factual basis. We agree and find this issue to be without merit.
III. EXCESSIVE SENTENCE
¶ 11. Miller next argues his sentence was excessive, disproportionate, and racially biased. Miller, a black male, states white male offenders who committed a similar offense were given lesser sentences. And he alleges his sentence was more excessive because his victim was a white female. Miller was sentenced to twenty years, with ten years to serve. In his brief, Miller lists several examples of white males receiving lesser sentences for similar crimes. However, the trial court addressed the issue and noted several cases in which white males received the same sentence as Miller. In its brief on appeal, the State also includes numerous examples of white males receiving similar or greater sentences for similar crimes.
 ¶ 12. As a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal. See Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992). However, a sentence that is “grossly disproportionate” to the crime committed is subject to attack on Eighth Amendment grounds. Id. “So long as the sentence imposed is within the statutory limits, sentencing is generally a matter of trial court discretion.” Williams v. State, 784 So.2d 230, 237 (¶ 19) (Miss.Ct.App.2000). Mississippi Code Annotated section 97-3-101(4) (Rev. 2006) states the following: “Every person who shall be convicted of sexual battery who is thirteen (13) years of age or older but under eighteen (18) years of age shall be sentenced to such imprisonment, fine or other sentence as the court, in its discretion, may determine.” The trial court, in its discretion, sentenced Miller to twenty years, with ten years to serve. Miller’s *864 sentence was clearly within the statutory guidelines.
¶ 13. The United States Supreme Court stated a three-pronged test should be used when a sentence imposed leads to an inference of gross disproportionality. Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), overruled in part by Harmelin v. Michigan, 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). The Mississippi Supreme Court has stated that: “Unless a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross disproportionality,” an analysis under Solem is not necessary. Ford v. State, 975 So.2d 859, 869 (¶39) (Miss.2008) (quotations omitted). Miller was sentenced within the statutory guidelines, and we do not find that his sentence leads this Court to an inference of gross disproportionality. Therefore, a review under Solem is not necessary. This issue is without merit.
IV. CUMULATIVE ERROR
¶ 14. In his final issue on appeal, Miller contends the cumulative errors necessitate reversal. Finding Miller’s arguments to be without merit, we find no cumulative error that would require reversal.
¶ 15. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY. JAMES, J., NOT PARTICIPATING.