# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01346-COA

**CAMILLE SEAGO A/K/A CAMILLE MARIE SEAGO**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**


DATE OF JUDGMENT:            08/23/2013
TRIAL JUDGE:                 HON. ROGER T. CLARK
COURT FROM WHICH APPEALED:   HARRISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      CAMILLE SEAGO (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: MELANIE DOTSON THOMAS
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:     DENIED MOTION FOR POST-
                             CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 04/07/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND MAXWELL, JJ.**

**LEE, C.J., FOR THE COURT:**

## FACTS AND PROCEDURAL HISTORY

¶1.     On June 7, 2010, Camille Seago pleaded guilty to two counts of false pretense. In her plea petition, she acknowledged a possible sentence of up to ten years' imprisonment, a fine of up to ten thousand dollars, or both. The trial court rejected the State's sentencing recommendation and withheld acceptance of Seago's plea, adjudication of guilt, and imposition of the sentence pending the successful completion of a four-year nonadjudication probationary period. She was ordered to comply with a number of conditions, including the

following: (1) to report to the supervising officer as directed, (2) to pay $55 per month for supervising fees to the Mississippi Department of Corrections (MDOC) for the duration of her probation, and (3) to pay $200 per month to cover court costs, fines, and restitution. The trial court reserved the right to accept Seago's plea of guilty and to proceed to sentencing upon a finding that Seago violated the terms and conditions of her nonadjudication probationary period.

¶2. On October 11, 2010, the State filed a petition to revoke Seago's probation, asserting she had violated the above conditions. A warrant was issued for her arrest. On December 28, 2010, Seago wrote a letter to the trial court admitting her probation violations, and explaining that she had fled the State of Mississippi because her husband had abused her. She was arrested in Wisconsin and extradited to Mississippi. A hearing was held on March 28, 2011, where the trial court found that Seago had violated the terms of her probation. The trial court revoked Seago's nonadjudication probationary period, found her guilty of both counts of false pretense, and sentenced her to ten years for each count, to be served in the custody of the MDOC, with the sentences to run concurrently.

¶3. On December 6, 2012, Seago filed a motion for post-conviction relief (PCR), asserting that she was denied due process of law because the ten-year sentence imposed was greater than the four-year nonadjudication probationary period she originally received. The trial court denied Seago's motion, finding that because Seago was not adjudicated guilty, she was not sentenced, and that it was permitted to impose up to the maximum sentence allowed for false pretense. Seago now appeals, asserting the trial court erred in denying her motion.

STANDARD OF REVIEW

¶4.     When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

DISCUSSION

¶5.     Seago argues her sentence is illegal because it is greater than the four-year nonadjudication probationary period she originally received.

¶6.     Mississippi Code Annotated section 99-15-26 (1) (Supp. 2008) states in pertinent part:

> In all criminal cases, felony and misdemeanor, other than crimes against the person or a violation of Section 97-11-31, the circuit or county court shall be empowered, upon the entry of a plea of guilty by a criminal defendant, to withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subsection (2) of this section.

¶7.     In *Wallace v. State*, 607 So. 2d 1184, 1186 (Miss. 1992), Wallace received a three-year nonadjudication probationary period under section 99-15-26. When Wallace violated the terms of his nonadjudication probationary period, the trial court accepted his guilty plea and sentenced him to forty-nine years in prison. *Wallace*, 607 So. 2d at 1186. The Mississippi Supreme Court upheld Wallace's sentence, stating:

> In [section] 99-15-26 proceedings, the trial court never accepts the guilty plea and never imposes a sentence if the defendant fulfills the court-imposed conditions. Where a guilty plea is accepted and a suspended sentence is imposed, the court cannot later impose a period of incarceration exceeding the original suspended sentence where the defendant fails to maintain a standard of good behavior. . . . In the instant case, the court's imposition of a forty-nine and a half year sentence was not an extension of a preexisting sentence.

3

> Indeed, Wallace could not have been sentenced prior to February 9, 1990 (the day on which the forty-nine and a half year sentence was imposed), because he had never been adjudged guilty before that date.

*Wallace*, 607 So. 2d at 1187.

¶8. The supreme court applied the same reasoning in *Porter v. State*, 777 So. 2d 671, 672 (¶¶5-6) (Miss. 2001). In *Porter*, Porter received a two-year nonadjudication probationary period under section 99-15-26. *Porter*, 777 So. 2d at 671 (¶2). When Porter failed to make restitution payments, a condition of his nonadjudication probationary period, the trial court accepted his guilty plea and sentenced him to five years in prison. *Id*. at (¶3). Porter's sentence was upheld. *Id*. at 673 (¶7).

¶9. In *Porter*, the trial court "specifically stated that [it] was withholding 'acceptance of defendant's plea and adjudication of guilt and imposition of sentence in accord with . . . [s]ection 99-15-26 pending successful completion of the conditions imposed in [the] order.'" *Porter*, 777 So. 2d at 671 (¶4). Seago's nonadjudication order contains the same exact language. As in *Porter*, the order here clearly shows that Seago was not adjudicated guilty, nor was she sentenced for the original charge. Since Seago was never sentenced for the original charge, the trial court was not limited to the four-year nonadjudication probationary period imposed. In her plea petition, Seago acknowledged the statutory minimum and maximum sentence she could receive for the charge of false pretense, which was zero to ten years. Miss. Code Ann. § 97-19-39 (Rev. 2014). Seago's sentence of ten years falls within the statutory limits. This issue is without merit.

¶10. Without addressing it as a separate issue, Seago also appears to argue that the

4

conditions of her nonadjudication probationary period that were alleged to have been violated never existed and that the State failed to prove she violated an existing condition. We find this argument to be without merit. The nonadjudication order, signed by Seago, contained a number of conditions, which included the requirements to report to her probation officer as directed and pay supervision fees, court costs, fines, and restitution. Seago was well aware of these conditions. In her letter to the trial court, she admitted to understanding and having violated these terms.

¶11. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**