799 So.2d 92 (2001)
Donald REED, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00357-COA.
Court of Appeals of Mississippi.
March 27, 2001.
*93 Donald Reed, Jr., Appellant, pro se.
Office of the Attorney General by John R. Henry, Jr., Attorney for Appellee.
Before KING, P.J., BRIDGES, and THOMAS, JJ.
BRIDGES, J., for the Court:
¶ 1. This matter returns to us following a remand by this Court to the Circuit Court of Scott County, Mississippi, in Reed v. State, 743 So.2d 1042 (Miss.Ct.App. 1999). On remand, the lower court was directed to conduct a hearing to determine whether Donald Reed had been properly advised of the elements of the crimes for which he was charged before he entered *94 his guilty plea. Further, the lower court was instructed by this Court to ascertain whether there was a factual basis on which the court could rely in order to accept Reed's guilty plea, specifically whether sufficient facts existed to establish that a double murder had been committed and whether Reed was responsible for such murders.
¶ 2. The hearing on remand resulted in the denial of a motion for summary judgment filed by Reed due to a finding by the court that there were genuine issues of material fact in dispute. Moreover, the lower court found that Reed had, in fact, been sufficiently advised of the elements of the crimes to which he pled guilty and that there was a factual basis on which the trial judge relied in order to accept and record Reed's guilty plea as final. Reed's subsequent motion for post-conviction relief was denied. This appeal by Reed, following the judgment of the trial court on remand, cites the following issues to be explored by this Court:
1. Whether the trial court erred in failing to grant appellant's motion for summary judgment because of the State's failure to offer sufficient evidence showing a genuine issue of material fact for a trial and/or evidentiary hearing?
2. Whether the trial court erred in denying appellant post-conviction relief because the State failed to show on remand that the appellant was properly advised of the critical elements of the offenses for which he was charged prior to his pleading guilty?

STANDARD OF REVIEW
¶ 3. When reviewing a judgment by a lower court denying an appellant's motion for summary judgment, it is the duty of an appellate court to view the proof submitted in the light most favorable to the nonmoving party. Travis v. Stewart, 680 So.2d 214, 218 (Miss.1996); Phillips v. Hull, 516 So.2d 488, 491 (Miss.1987). See also Brown v. Credit Center, Inc., 444 So.2d 358, 365 (Miss.1983). This Court must look to the entire record before it and determine whether the nonmoving party brought forward "supportive evidence of significant and probative value" that would tend to show the existence of a genuine and triable issue of material fact. Id.
¶ 4. In the review of proceedings for post-conviction relief, this Court shall apply the substantial evidence/clearly erroneous test, thus limiting our scope of review. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). As such, in a case challenging the existence of a factual basis for the lower court's acceptance of a defendant's guilty plea, this Court must comb the record and/or any other facts presented to us for substantial evidence of an evidentiary foundation which would be sufficient for us to say, with confidence, that the prosecution could prove the defendant's guilt in committing the crime at issue. Lott v. State, 597 So.2d 627, 628 (Miss.1992). See U.S. v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); McCarthy v. U.S., 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); U.S. v. Oberski, 734 F.2d 1030, 1031 (5th Cir.1984). Specifically, "what facts must be shown are a function of the definition of the crime and its assorted elements." Corley v. State, 585 So.2d 765, 767 (Miss. 1991). This Court is not limited to the guilty plea transcript in such cases. Gaskin v. State, 618 So.2d 103, 106 (Miss. 1993); Corley, 585 So.2d at 767; Brown v. State, 533 So.2d 1118, 1124 (Miss.1988). Rather, it is imperative that the record as a whole be viewed with the utmost care. Id.

FACTS
¶ 5. Reed appeared before the Circuit Court of Scott County on October 10, 1995, *95 and entered a plea of guilty to an indictment by the grand jury of Scott County, charging him and another defendant with the murders of Gerardo Perez and Jose Rodriguez. Reed entered his guilty plea before the court with his counsel present. Upon Reed's plea and a discussion of Reed's plea bargain agreement with the State on the record, the trial judge advised Reed that he was waiving certain rights by pleading guilty to these two counts of murder. Reed indicated that he understood the loss of these rights as had been previously explained to him by his counsel. The judge further advised Reed that murder carries a sentence of life imprisonment and that he would be confined to the Mississippi Department of Corrections to serve such sentence if he pled guilty of this crime. Reed indicated that he understood and accepted this sentence. Lastly, the judge asked Reed whether his counsel had provided him with information regarding the consequences of pleading guilty and whether Reed was satisfied with the assistance of his counsel in this matter. Reed responded to both of these questions in the affirmative. After this discussion, the trial judge told Reed, on the court record, that the court accepted Reed's plea of guilty and that Reed would be sentenced to two life sentences, to be served concurrently according to the plea bargain agreement between Reed and the State.
¶ 6. On December 9, 1996, Reed filed a motion for post-conviction relief seeking to set aside his convictions and sentence for these crimes. In that motion, Reed cited ineffective assistance of counsel, denial of due process and a deficiency in his guilty plea, namely that there was no factual basis on which the judge could have predicated his acceptance of Reed's plea. Reed's motion was denied by the court and he was not given an evidentiary hearing on the matter. Reed appealed this denial of post-conviction relief and the appeal was heard by this Court. Upon review of the matter, this Court found no merit to Reed's issues of ineffective assistance of counsel and denial of due process. However, this Court did remand Reed's case to the circuit court to determine whether Reed was properly advised of the elements of the crime of murder and whether a factual basis for his guilty plea existed. Subsequent to its receipt of that mandate by this Court, the State filed its answer denying that Reed was entitled to relief. Reed responded to the State's answer with a motion for summary judgment, alleging that the State cited no genuine issues of material fact left to be resolved in this case.
¶ 7. Pursuant to the direction of this Court, the lower court held a hearing on remand to assess whether a factual basis for Reed's guilty plea existed and whether Reed was versed in the elements of the crime of murder before entering his plea. Reed testified that his attorney had never told him of these elements, but rather urged him to plead guilty in accordance with the plea bargain agreement in an effort to avoid receiving a possible death sentence. Conversely, Reed's attorney testified at the hearing on remand that he did not tell or urge Reed to plea one way or the other, but simply told him his options and the consequences of each of those options. Further, Reed's attorney stated that he did not advise Reed that he could possibly receive the death penalty if he did not accept the State's plea bargain agreement because this would not be true. The grand jury did not indict Reed for capital murder, a charge that could carry the death penalty. Rather, Reed was indicted for two counts of simple murder, a charge that carries two consecutive life sentences. Reed's attorney further testified that he explained the elements of simple murder to Reed and discussed with *96 Reed the evidence that the State had collected to prove Reed's guilt. Despite Reed's claims against his attorney, the record of Reed's original plea hearing indicates that, at no time, did Reed complain of his attorney coercing him into accepting the terms of the State's plea bargain. Neither was it shown in the record of that hearing that Reed was unsatisfied with his counsel's services or advice. Reed stated under oath that he understood the charges against him and that he voluntarily chose to plead guilty to two counts of murder, being advised by the judge of what the sentence would be.
¶ 8. After this hearing on remand, the circuit court found that there was a factual basis in support of Reed's guilty plea and that Reed was adequately informed of the elements and sentences of the crimes with which he had been charged. As such, the court refused to set aside Reed's guilty plea. Reed now appeals from this judgment by the lower court and again finds himself before this Court requesting relief.

LEGAL ANALYSIS

1. Whether the trial court erred in failing to grant appellant's motion for summary judgment because of the State's failure to offer sufficient evidence showing a genuine issue of material fact for a trial and/or evidentiary hearing?
¶ 9. Before this Court may reverse a decision to deny Reed's summary judgment motion, we must look carefully to see whether the record is devoid of any genuine issues of material fact to be resolved. Brown, 444 So.2d at 365. In the instant case, we find that the lower court was not in error in declining to enter judgment for Reed as a matter of law. Rather, we find that the State properly met its burden to present evidence of a factual basis for the court's acceptance of Reed's guilty plea. We further find that there is ample evidence in the record to show that Reed's plea was voluntarily, knowingly and intelligently made. As such, we cannot say, as Reed would have us do, that it is apparent from the record before us that there are no genuine issues of material fact thereby entitling him to judgment as a matter of law. On the other hand, it is our opinion that the record before us is replete with evidence supporting the State's case that the lower court appropriately accepted Reed's guilty plea at his plea hearing. We are convinced that, had this matter gone before a jury, the State could have presented sufficient arguments and evidence to convince that jury that Reed was guilty on these two counts of murder. We address this evidence in the following paragraphs of this opinion.
¶ 10. At the hearing on remand of this case, the State offered the testimony of Reed's former appointed counsel in an effort to prove that Reed was properly advised of his options on pleading his case. His attorney testified that it was explained to Reed before his plea that the charges against him consisted of two counts of simple murder and that Reed was told the nature and elements of the crime of murder, including the life sentence that murder carries with it in this state. Moreover, Reed's attorney testified that he disclosed to Reed that the State planned to rely heavily on evidence which it had obtained through discovery, a process which began before Reed's plea hearing. The testimony of Reed's attorney further provided that after Reed was given this information, Reed voluntarily accepted the State's plea bargain offer and pled guilty to the two counts of murder in exchange for concurrent life sentences.
¶ 11. Aside from the statements by Reed's former attorney, we find that there is further evidence in both the transcripts *97 of Reed's plea hearing and his post-conviction relief hearing, including testimony of witnesses and Reed's own admissions, to support the State's position in this case. As such, we affirm the lower court's ruling to deny Reed's motion for summary judgment and instead find that there were genuine issues of material fact which could have been heard and resolved by a jury of Reed's peers. It is our opinion that the assertions made by the State in this case were not empty ones, nor did the State rest solely upon the allegations and denials made by it in the pleadings of this matter. Because we are convinced that the State has adequately fulfilled its duty to rebut the allegations of Reed, this issue must be resolved in favor of the State. Travis, 680 So.2d at 218. We therefore conclude that, viewing the proof discussed above in the light most favorable to the State, Reed has failed to show that he is entitled to judgment as a matter of law and the decision of the lower court to deny his motion for summary judgment should be affirmed. Phillips, 516 So.2d at 491.

2. Whether the trial court erred in denying appellant post-conviction relief because the State failed to show on remand that the appellant was properly advised of the critical elements of the offenses for which he was charged prior to his pleading guilty?
¶ 12. It is well settled that a plea entered by a defendant is deemed to be voluntary, knowing and intelligent where the defendant has been advised of the nature of the crime with which he is charged and the consequences of a guilty plea to that crime. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). "Specifically, the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination." Id. (citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Rule 3.03 of the Uniform Criminal Rules of Circuit Court Practice provides that the trial judge is required to personally speak with the defendant, in open court and on the record, to determine that the defendant understands the consequences of his guilty plea and that he understands the maximum and minimum penalties to which he may be sentenced. Id.
¶ 13. Furthermore, Rule 3.03 commands that the circuit court assess that there is substantial evidence to support the defendant's guilt in the crime for which he offered his guilty plea. Gaskin, 618 So.2d at 106; Lott, 597 So.2d at 628; Corley, 585 So.2d at 767. Precisely, the facts that must be proven are "a function of the definition of the crime and its assorted elements." Id. It is acceptable that the court make its decision according to inferences of guilt on the part of the defendant. Id. In other words, "[a] factual showing does not fail merely because it does not flesh out the details which might be brought forth at trial. Rules of evidence may be relaxed at plea hearings." Id. However, the guilty plea itself is not sufficient to establish a factual basis. Gaskin, 618 So.2d at 106.
The whole purpose of this Rule 3.03(2)'s "factual basis" requirement is to push the court to delve beyond the admission of guilt lying on the surface and determine for itself whether there is substantial evidence that the petitioner did in fact commit those crimes he is charged with and is not entering the plea for some other reason that the law finds objectionable.
Id. It is the duty of this Court to review the entire record, not just the transcript of the plea hearing, to determine whether there was, in fact, a factual basis for the *98 lower court to accept Reed's plea of guilty. Id.; Brown, 533 So.2d at 1124.
¶ 14. In addition to the "factual basis" requirement, it is also essential that the defendant be advised and have knowledge of the crime with which he is charged and the elements of that crime. Gilliard v. State, 462 So.2d 710, 712 (Miss.1985). Not only must the defendant be armed with this information, but he must also fully understand the consequences brought about by a plea of guilty to that charge. Id. In the instant case, the charge against Reed is two counts of simple murder, which is defined by Mississippi statute as the following:
The killing of a human being without the authority of law by any means or in any manner shall be murder in the following cases:
(a) When done with deliberate design to effect the death of the person killed, or of any human being;
(b) When done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual;
(c) When done without any design to effect death by any person engaged in the commission of any felony other than rape, kidnapping [sic], burglary, arson, robbery, sexual battery....
Miss.Code Ann. § 97-3-19(1) (Rev.2000).
¶ 15. It is apparent from the record, as we have previously discussed in the first issue, that there is substantial evidence in the possession of the State that would tend to show that Reed is guilty of these two counts of simple murder. Reed, however, complains that had he been told the elements of the crime of murder by his attorney, he would not have pled guilty and accepted the State's offer. He claims that he is not guilty of the crime of murder because he did not kill the two victims with deliberate design, a term referred to in the definition of simple murder. Miss.Code Ann. § 97-3-19(1)(a) (Rev.2000). We note that Reed has many times throughout this case admitted that he and his co-defendant, in fact, ended the lives of the victims, Perez and Rodriguez, by beating them to death. Reed claims that he never intended to murder these two men, but only intended to beat them severely.
¶ 16. For no other reason than an effort to clear up Reed's misconceptions here, we make the following observations: Reed and his co-defendant, in the course of beating these two men, Perez and Rodriguez, became carried away. As such, the beating ended in the deaths of these two men. Reed mistakenly asserts that this cannot be murder because he did not have deliberate or premeditated design. However, it is plain to this Court that Reed's situation falls under section (b) of Miss.Code Ann. § 97-3-19(1). Reed and his co-defendant committed a dangerous act, i.e., the severe beating of two human beings, Perez and Rodriguez, which showed disregard for the lives of those two people and resulted in their deaths. Therefore, there is no question that the crime committed by Reed was murder under Mississippi law. That being said, and being satisfied that we have put to rest Reed's disturbing delusions that he did not commit such murder, we move on with our analysis.
¶ 17. The basis of this appeal by Reed is his claim that he did not plead guilty to these crimes voluntarily, knowingly and intelligently because he was not informed of the nature and elements of the charge of simple murder. Further, Reed asserts that there was no factual basis for the court to rely on in its acceptance of Reed's guilty plea. We find these claims to be without merit. As to Reed's assertion *99 that he was not informed of the elements of murder, we note that the testimony of Reed's former attorney at the hearing on remand provides evidence that Reed was, in fact, told by him of the elements and consequences of this crime before his guilty plea. Moreover, it is evident from the transcript of Reed's plea hearing that the judge presiding over that hearing made sure that Reed had been versed on the crime with which he had been charged before accepting his guilty plea. The judge asked Reed if he had been fully advised of the nature of the crime of murder and informed that the statutory sentence for murder is life in prison and whether he understood that information. Reed promptly answered "yes" to these questions. Further, when asked by the judge, Reed did not disclose that he felt that his attorney was unsatisfactory, but rather he told the judge that he was content with his attorney's services and that his attorney had satisfactorily represented and advised him in this matter.
¶ 18. The judge at Reed's plea hearing also properly discussed with Reed the waiver of his rights by pleading guilty. He specifically asked Reed whether he was coerced or forced into pleading guilty of the crimes for which he was charged and Reed explicitly answered "no." It is the opinion of this Court that if Reed had been coerced by his attorney into pleading guilty and if he was unsatisfied with the services of his attorney because he was not properly advised as he now claims, Reed should have answered the judge's questions regarding these matters much differently than he did. Further, Reed explicitly indicated to the judge that he understood the plea bargain offered by the State which he would be accepting by entering a plea of guilty. Reed answered this question in the affirmative. It stands to reason that certainly Reed would not plead guilty to the crime of murder and enter into a plea agreement with the State if he was not made aware by his attorney, or at the very least, the State's attorneys or the judge, of the logistics of that agreement, including exactly to what he would be pleading guilty and what punishment he would receive.
¶ 19. The record is devoid of any competent evidence that Reed entered his plea of guilty through either coercion or force, or that Reed was not made aware of or did not understand the charges against him and the sentence he would receive before he entered that plea. Reed has pointed to nothing to prove such a claim, nor do we find that he sufficiently rebutted the testimony of his attorney on this issue showing that the judge's decision on remand was clearly erroneous. It is our opinion that the State provided sufficient evidence and testimony that, not only was Reed adequately informed of the crime of murder and its elements as found under Miss.Code Ann. § 97-3-19(1), but that he committed that crime against Perez and Rodriguez, ending their lives.
¶ 20. As provided in Corley, this Court may indulge in deductive inferences of Reed's guilt by looking at the record for evidence to support such inferences. Corley, 585 So.2d at 767. We have noted the testimony provided by the State in the hearing on remand of this matter. Additionally, we have carefully considered the transcripts of the plea hearing and the post-conviction relief hearing, as well as all other pertinent evidence contained in the record of this matter, including the assertions by the State that it is in possession of further evidence obtained through discovery which explicitly implicates Reed in the murders of Perez and Rodriguez. Taking into account the definition of murder and all of its elements as required by Corley, 585 So.2d at 767, it is our opinion that *100 there is ample evidence in the record of this case on which to establish a factual basis to support the guilty plea entered by Reed.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY DENYING APPELLANT'S MOTION FOR POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, THOMAS, LEE, MYERS and CHANDLER, JJ., concur.
IRVING, J., concurs in result only.