[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 232 
¶ 1. Taurus DeWayne Richardson pled guilty to armed robbery. Thereafter, Richardson filed a motion for post-conviction relief requesting the circuit court to vacate his conviction and sentence. The Circuit Court of Lee County entered an order denying Richardson's motion for post-conviction relief. Richardson filed a timely pro se MBappeal and argues that the trial court erred when it denied his motion for post-conviction relief. As summarized by the Court, Richardson cites the following issues on appeal:
 I. WHETHER THE INDICTMENT CHARGING RICHARDSON WITH ARMED ROBBERY WAS DEFECTIVE.
 II. WHETHER RICHARDSON'S PLEA OF GUILTY WAS KNOWINGLY AND VOLUNTARILY ENTERED BEFORE THE TRIAL COURT.
 III. WHETHER RICHARDSON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
 IV. WHETHER THE TRIAL COURT ERRED IN DENYING RICHARDSON AN EVIDENTIARY HEARING BASED ON HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.
Finding no error, we affirm.
 I. FACTS
¶ 2. On February 28, 1996, Taurus Richardson pled guilty to armed robbery in the Circuit Court of Lee County. Richardson was sentenced to twenty years with twelve years suspended and eight years to serve. On October 1, 1998, Richardson filed a petition for post-conviction collateral relief with the Circuit Court of Lee County. In a convoluted manner, Richardson alleges that his conviction and sentence should be overturned for several reasons.
¶ 3. First, Richardson argues that the indictment charging him with armed robbery is fatally flawed in that his first name was spelled "Tauraus" instead of Taurus and that the indictment did not include the fact that he would not be eligible for parole for the entire eight years he was sentenced to serve because of the mandatory sentence requirement for armed robbery by display of a firearm pursuant to Mississippi Code Section 47-7-3 (Supp. 1999). *Page 233 
Second, Richardson contends that his guilty plea was not made knowingly and voluntarily because neither the State nor Richardson's attorney informed him that there was a minimum mandatory sentence for armed robbery with a display of a firearm. Third, Richardson alleges he had ineffective assistance of counsel in that his attorney failed to object to the flaws in the indictment and that his attorney improperly induced Richardson into entering the guilty plea by telling him that he would only have to serve one fourth of the twenty year sentence. Finally, Richardson argues that the trial court erred in denying him an evidentiary hearing on the issues cited in his petition for post-conviction collateral relief. Any additional facts will be discussed as necessary to resolve the issues presented on appeal by Richardson.
 LAW AND ANALYSIS I. WHETHER THE INDICTMENT CHARGING RICHARDSON WITH ARMED ROBBERY WAS DEFECTIVE.
¶ 4. Richardson argues that the indictment was fatally flawed because his first name was misspelled and the indictment failed to state the fact that he would not be eligible for parole for all eight years. Richardson further finds error in the fact that the trial court did not address these defects on its own motion. The purpose of an indictment is to put the defendant on notice of the nature and cause of the charges against him. URCCC 7.07. Defects in the indictment that are non-jurisdictional are waiveable by a valid guilty plea. Brooks v. State, 573 So.2d 1350, 1352 (Miss. 1990). However, the failure to charge an essential element of a criminal offense is not waiveable. Jefferson v. State,556 So.2d 1016, 1019 (Miss. 1989). Furthermore, defects in the indictment that do not go to the merits or elements of a charge are amendable. Miss. Code Ann. § 99-17-13 (Rev. 1994). If the defendant fails to plead that his name is not shown in the indictment before pleading guilty, he waives his right to claim that he was not the person named in the indictment. The trial court is not required to amend the indictment on its own motion.Anselmo v. State, 312 So.2d 712, 715 (Miss. 1975).
¶ 5. By failing to address the misspelling of his name in the indictment before pleading guilty, Richardson has waived his right to challenge the indictment based on the misnomer. Also, the trial court did not err by not objecting to the misspelling on its own motion. There is nothing in the record to indicate that Richardson was misled by the misspelling. If the situation had been addressed, the prosecution would simply have had the indictment amended. There was no adverse effect on Richardson to warrant the misspelling of his first name in the indictment being a reversible error. Richardson's argument that the indictment is flawed because the no parole provision of Miss. Code Ann. § 47-7-3 (1)(d)(i) (Rev. 1993) was not included is untenable. The only deficiency that survives waiver by a guilty plea is not including the essential elements of the crime or lack of jurisdiction. Whether a person convicted of the crime charged will be eligible for parole is not an essential element of the crime of armed robbery and has no effect on jurisdiction. Therefore, Richardson's argument that the indictment was flawed is without merit.
 II. WHETHER RICHARDSON'S PLEA OF GUILTY WAS ENTERED KNOWINGLY AND VOLUNTARILY BEFORE THE TRIAL COURT.
¶ 6. Richardson also argues that his plea of guilty was not voluntary due to his attorney's misrepresentation that he would only have to serve one-fourth of the twenty year sentence. This contention is without merit. If the defendant is advised regarding the nature of the charge and the consequences of the plea, it is considered "voluntary and intelligent." Alexander v. State,605 So.2d 1170, 1172 (Miss. 1992). *Page 234 
Furthermore, "Solemn declarations in open court carry a strong presumption of verity." Baker v. State, 358 So.2d 401, 403 (Miss. 1978). In Houston v. State, 461 So.2d 720, 722 (Miss. 1984), the court held that when the record shows that the trial court fully informed the defendant of a mandatory sentence and the defendant acknowledged the sentence, the defendant's claimed expectation of a more lenient sentence is rebutted. Id. InRoland v. State, 666 So.2d 747, 750 (Miss. 1995), the court held that when the trial court questions the defendant and explains his rights and the effects and consequences of the plea on the record, the plea is rendered voluntary despite advice given to the defendant by his attorney. Id. See Smith v. State,636 So.2d 1220, 1225 (Miss. 1994).
¶ 7. The record discloses that the trial judge sufficiently questioned Richardson about his understanding of the effect of his guilty plea and the no parole provision of his sentence. The trial judge stated as follows:
 THE COURT: Mr. Richardson, has anyone made any representations to you or have you been promised anything with regard to what the sentence of this court might be in order to get you to plead guilty?
 ANSWER: No, sir.
 THE COURT: Mr. Richardson, do you understand that even if I follow the State's recommendation and sentence you to serve a term of twenty years with twelve of those twenty being suspended, leaving eight to serve, that you will have to serve that entire eight years, that you won't be eligible for parole? Do you understand that?
 ANSWER: Yes, sir.
 THE COURT: Understanding that in those eight years that you won't be eligible for parole, do you still wish to plead guilty?
 ANSWER: Yes, sir.
¶ 8. In light of the fact that Richardson stated under oath that he understood that he would have to serve eight years and still wished to plead guilty and that no one had made any representations to him regarding his sentence, we find that Richardson's argument that his plea was not voluntary to be without merit.
 III. WHETHER RICHARDSON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 9. Richardson contends that he received ineffective assistance of counsel in pleading guilty to armed robbery based on his attorney's failure to object to the indictment and the misrepresentation about the length of his sentence. In his petition for post-conviction collateral relief, Richardson included a letter from his attorney stating that Richardson would only have to serve one-fourth of his twenty year sentence which is contrary to the no parole provision found in Miss. Code Ann. §47-7-3 (Rev. 1993).
¶ 10. Claims of ineffective assistance of counsel are judged by the standard in Strickland v. Washington, 466 U.S. 668 (1984). The two-part test set out in Strickland is whether counsel's performance was deficient and, if so, whether the deficiency prejudiced the defendant to the point that "our confidence in the correctness of the outcome is undermined." Neal v. State,525 So.2d 1279, 1281 (Miss. 1987). This standard is also applicable to a guilty plea. Schmitt v. State, 560 So.2d 148, 154 (Miss. 1990). A strong but rebuttable presumption exists that "counsel's conduct falls within a broad range of reasonable professional assistance."McQuarter v. State, 574 So.2d 685, 687 (Miss. 1990). To overcome this presumption, the defendant must show that "but for" the deficiency a different result would have occurred. Strickland,
466 U.S. at 694.
¶ 11. Richardson's attorney cannot be found deficient in not objecting to the indictment. As stated previously, the indictment does not have to include the no parole provision of the sentence. An *Page 235 
attorney cannot be expected to object to a valid indictment. Also, Richardson cannot show that the outcome of his case would have been any different if his first name had been spelled "Taurus" instead of "Tauraus" in the indictment.
¶ 12. Richardson's contention that his attorney falsely told him that he would only have to serve one-fourth of his sentence may be grounds for showing deficient assistance, thus satisfying the first prong of Strickland. Even so, to satisfy the second prong of Strickland, Richardson must show that he relied on that advice to the point that the outcome of the case was changed. This is a hurdle Richardson cannot overcome. The trial judge clearly and unambiguously informed Richardson of the mandatory sentence and garnered a reply of understanding from Richardson before he entered the plea of guilty. The record itself destroys Richardson's argument that his defense was ineffective because he was not informed of the no parole provision for armed robbery. Richardson was given the crucial opportunity to change his mind about his plea, and he did not take that opportunity. Moreover, Richardson testified at the plea hearing that he was satisfied with the services of his attorney. If Richardson expected a more lenient sentence he should have questioned the sentence at the hearing instead of two and a half years later. In Gaskin v. State,618 So.2d 103, 108 (Miss. 1993), the court held that the trial court's failure to advise the defendant of the applicable minimum and maximum sentences was harmless error where it is shown that the defendant was correctly informed by another source. Id. Although the attorney instead of the trial judge was the one to inform Richardson of the true mandatory sentence, the result is the same. Richardson entered the guilty plea with full knowledge of the mandatory sentence. Despite the validity or invalidity of Richardson's claim that his attorney told him he would serve a lesser sentence, the second prong of Strickland cannot be satisfied. The record does not show that Richardson would have received a different outcome but for his attorney's actions. Therefore, we find that Richardson's claim of ineffective assistance of counsel is without merit.
 IV. WHETHER THE TRIAL COURT ERRED IN DENYING RICHARDSON AN EVIDENTIARY HEARING BASED ON HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 13. Richardson argues that the trial court improperly ruled on his petition for post-conviction collateral relief without conducting an evidentiary hearing. The trial court denied Richardson's petition based on the record of the plea hearing and all attached documents including a letter from Richardson's attorney indicating that Richardson would only have to serve one-fourth of the twenty year sentence. According to Miss. Code Ann. § 99-39-11 (Rev. 1994), "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal." Miss. Code Ann. § 99-39-11
(Rev. 1994). Also, Miss. Code Ann. § 99-39-19 (Rev. 1994) provides: "The court may grant a motion by either party for summary judgment when it appears from the record that there is no genuine issue of material fact." A defendant's allegations of ineffective assistance of counsel must "raise sufficient questions of fact" to merit an evidentiary hearing. Walker v. State,703 So.2d 266, 268 (Miss. 1997).
¶ 14. Turning to the issue of a defendant's sworn testimony at a plea hearing, the court in Roland v. State, 666 So.2d 747, 751 (Miss. 1995), concluded that an evidentiary hearing is not necessary if the record of the plea hearing reflects that the defendant was advised of the rights of which he now claims he was not aware. Id. When the record of the plea hearing belies the defendant's claims, an evidentiary hearing is not required. If the defendant's claims are totally contradicted by *Page 236 
the record, the trial judge may rely heavily on the statements made under oath. Simpson v. State, 678 So.2d 712, 716 (Miss. 1996). In Mowdy v. State, 638 So.2d 738, 743 (Miss. 1994), the court stated: "Where the petitioner's version is belied by previous sworn testimony, for example, as to render his affidavit a sham we will allow summary judgment to stand." Other Mississippi cases finding that a defendant was improperly denied an evidentiary hearing are fundamentally different from the present case. They all involve a factual scenario where the defendant was never informed of the mandatory sentence by either counsel or the trial judge. See Washington v. State, 620 So.2d 966 (1993); Alexanderv. State, 605 So.2d 1170 (Miss. 1992); Mallett v. State,592 So.2d 524 (Miss. 1991); Myers v. State, 583 So.2d 174
(Miss. 1991).
¶ 15. The trial judge was clearly acting within his authority to rule on Richardson's motion without an evidentiary hearing. As evidenced by the order denying Richardson's request, the trial judge reviewed the petition and the exhibit of the letter from Richardson's attorney stating his belief that Richardson would be released in only five years, one-fourth of the twenty year sentence. The question at hand is not whether the advice was given to Richardson, but whether he relied on the advice thus satisfying the second prong of Strickland. We concur with the trial judge in finding that any wrongful advice given to Richardson concerning his possible sentence was cured by the trial judge's unambiguous explanation of the mandatory sentence during the plea hearing. Richardson's claim that he would not have pled guilty if he had known that he would have to serve eight years instead of five years is rendered a sham in light of Richardson's own testimony during the plea hearing that he was not improperly induced to enter the plea of guilty and that he understood he would have to serve all eight years. The trial judge did not abuse his discretion in choosing to rely on Richardson's sworn testimony that he understood the sentence and that he was satisfied with the services of his attorney. The purpose of an evidentiary hearing would be to determine whether the defendant suffered ineffective assistance of counsel and that is obviously not possible in this case. Therefore, we find that Richardson's claim that he was improperly denied the right to an evidentiary hearing on whether he received ineffective assistance of counsel to be without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYINGPOST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS ARE ASSESSED TO LEECOUNTY.
KING AND SOUTHWICK, P. JJ., BRIDGES, IRVING, LEE, MYERS,PAYNE, AND THOMAS, JJ., CONCUR. McMILLIN, C.J., NOT PARTICIPATING.