CHANDLER, J.,
for the Court.
¶ 1. Cedric Lowery was convicted of motor vehicle theft in the Circuit Court of Attala County, Mississippi. Lowery was sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections. Aggrieved by the conviction rendered against him, Lowery filed this appeal and cites three issues as error. First, he argues that he was denied the right to testify at trial. Next, he argues that he was denied effective assistance of counsel at trial. Lastly, Lowery argues that the circuit court erred when it failed to give an accomplice jury instruction.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Lowery and his accomplice Johnson test drove a truck held for sale at a used car lot owned by the victim, Mr. Henry Burnley, Jr. While test driving the truck, Lowery had a copy of the truck keys made. A few days later the truck was stolen from Mr. Burnley’s lot. Lowery and Johnson were arrested for the theft of the truck after they were spotted driving it by a member of Mr. Burnley’s family.
LAW AND ANALYSIS
I. WAS LOWERY DENIED HIS CONSTITUTIONAL RIGHT TO TESTIFY IN HIS OWN BEHALF?
¶ 4. The court in Dizon v. State, 749 So.2d 996(¶ 14) (Miss.1999) stated, “As this Court stated in Culberson[ v. State, 412 So.2d 1184 (1982)] , if an accused is denied the right to testify on his own behalf, it is a constitutional violation regardless of whether the denial is a result of a refusal by the court or a refusal by the accused’s counsel to allow the accused to testify.”
¶ 5. There is nothing in the record to support Lowery’s contention that he was *1264 unaware of his right to testify on his own behalf. After both parties had rested, the attorneys met at the bench for a conference with the judge. At that time, Lowery’s attorney indicated that his client was considering whether he was going to take the stand. After the bench conference, counsel for Lowery stated, “Well he’s not going to take it, but I kind of want to get in the record that it’s his decision, not mine.” The substance of this statement leaves us to believe that Lowery’s attorney was ensuring that the court knew that his client had indicated to him that he was not serious about wanting to testify and that if the court did re-open the defense’s case, Lowery would not take the stand in his own defense. Given these facts, this Court finds that Lowery was not denied his right to testify. The facts show that Lowery knew he had such a right if he wanted to exercise it. However, he did not affirmatively state to his counsel or the court that he wished to do so. As such, this Court finds this allegation of error to be without merit.
II. WAS LOWERY DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 6. Claims of ineffective assistance of counsel are judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two-part test set out in Strickland is whether counsel’s performance was deficient and, if so, whether the deficiency prejudiced the defendant to the point that “our confidence in the correctness of the outcome is undermined.” Richardson v. State, 769 So.2d 230(¶ 10) (Miss.Ct.App.2000). A strong but rebutta-ble presumption exists that “counsel’s conduct falls within a broad range of reasonable professional assistance.” McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). To overcome this presumption, the defendant must show that “but for” the deficiency a different result would have occurred. Strickland, 466 U.S. at 694, 104 S.Ct. 2052. To meet this burden of proof, Lowery was required to: “[specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court would have been different.” Ford v. State, 708 So.2d 73(¶ 8) (Miss.1998) (citing Smith v. State, 434 So.2d 212, 219 (Miss.1983)).
¶ 7. Lowery argues that his counsel was deficient in that he was unprepared for trial. We can find no evidence in the record to support this statement. It is true that Lowery’s counsel had little time to prepare for trial, but that was due to Lowery’s actions and not those of his counsel. Lowery decided to fire his court appointed counsel one day before trial was scheduled to begin. He then hired Mr. Ray Carter to represent him. Mr. Carter appeared before the court and secured a two day continuance in order to prepare for trial. Lowery’s argument that this two day period was insufficient for his attorney to prepare the case is without support. At trial, Mr. Carter responded that he was ready to defend his client. He conducted voir dire, called nine witnesses in Lowery’s defense, vigorously cross-examined the State’s witnesses, and submitted prepared jury instructions. Cleai-ly, Mr. Carter was well-prepared for trial and provided Lowery with constitutionally effective assistance.
¶ 8. Lowery also argues that his counsel was deficient in his performance at the motion for new trial. He asserts vague and unsupported allegations in furtherance of this argument. Lowery’s arguments do not meet the specificity standard cited in Ford, nor has he provided this Court with any evidence to conclude that “but for” the alleged deficiencies of *1265 his counsel’s assistance, the outcome of his trial would have been different.
¶ 9. Lowery’s last argument under this issue refers back to his earlier assertion that his counsel denied him the right to take the stand. This argument is rejected based on the above stated facts.
III. DID THE TRIAL COURT ERR IN NOT GRANTING AN ACCOMPLICE/CO-DEFENDANT JURY INSTRUCTION?
¶ 10. Lowery next argues that the trial court erred in not granting an instruction cautioning the jury that Johnson’s testimony should be weighed with caution. Generally, where accomplice testimony is presented by the State in a criminal case, the court should instruct the jury to weigh the testimony with caution. Wansley v. State, 734 So.2d 193(¶ 18) (Miss.Ct.App.1999). However, a trial court is under no duty to instruct the jury sua sponte, nor is a court required to submit instructions in addition to those prepared by the parties. Giles v. State, 650 So.2d 846, 854 (Miss.1995). In this case, Lowery did not submit such an instruction to the court, nor did he request one. Because Lowery failed to submit or request such an instruction, this argument is procedurally barred.
¶ 11. Although this Court could rest on the procedural bar, we will look further to ascertain whether Lowery was injured by the absence of an accomplice instruction. In Wansley, the Court noted that Mississippi Rule of Appellate Procedure 28(a)(3) would allow the Court to ignore the procedural bar if the Court can classify the trial court’s failure to give the instruction as “plain error.” Wansley, 734 So.2d at (¶ 21). In order to determine if the court committed such an error, we must ask whether the witness was actually an accomplice and was his testimony uncorroborated. Id (citing Burke v. State, 576 So.2d 1239, 1242 (Miss.1991)).
¶ 12. It is clear that Johnson was in fact Lowery’s accomplice. He was present at the initial test drive. He had possession of the vehicle after it was stolen and he knew that Lowery had possession of the vehicle after it was stolen. The next step is to determine if his testimony was without corroboration. This question must be answered in the negative. Statements given by the defendant, law enforcement officers, and several of the defendants’s own witnesses substantiate the testimony given by Johnson. Based upon the foregoing reasons, this assignment of error is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY OF CONVICTION OF MOTOR VEHICLE THEFT WITH SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS ARE ASSESSED TO THE AT-TALA COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and BRANTLEY, JJ., concur.