THOMAS, J.,
for the Court.
¶ 1. Excell Reed, pro se, appeals an order of the Circuit Court of Tallahatchie County, Mississippi denying his petition for post-conviction relief. Aggrieved, Reed perfected this appeal, raising the following issue:
THE LOWER COURT COMMITTED MANIFEST ERROR IN DISMISSING REED’S MOTION FOR POST-CONVICTION RELIEF.
Finding no error, we affirm.
FACTS
¶ 2. On April 8, 1997, Reed was indicted for the armed robbery of the Charleston Food Mart. On June 2, 1997, Reed entered a plea of guilty to armed robbery and to simple assault of a law enforcement officer in the Circuit Court of Tallahatchie County. Reed’s plea of guilty and sentence of five years to the latter offense was not assailed in the lower court and is not involved in this appeal. On September 20, 2000, Reed filed a motion to vacate and set aside his guilty plea in the Circuit Court of Tallahatchie County. In this motion, Reed cited erroneous advice of counsel rendered his plea to armed robbery involuntary and his lawyer ineffective. On November 3, 2000, Reed’s motion to vacate and set aside his guilty plea was denied. Reed filed a motion for rehearing on December 12, 2000, which was denied on May 10, 2001.
ANALYSIS
¶ 3. In reviewing a trial court’s decision to deny a motion for post-conviction relief the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567 (Miss.1999).
DID THE LOWER COURT COMMIT MANIFEST ERROR IN DISMISSING REED’S MOTION FOR POST-CONVICTION RELIEF?
¶ 4. Reed’s petition for post-conviction relief is based on the assertion that he was denied the right to effective assistance of counsel. Reed’s claim is addressed under a two-part test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and followed by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). A successful completion of this test is paramount to Reed’s argument. He must successfully meet both prongs. Under Strickland and Stringer, Reed must show that the counsel’s performance was so deficient that it constituted prejudice. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. The asserting party must also show that “but for his attorney’s errors, there is a reasonable probability that he would have received a different result in the trial court.” Rankin v. State, 636 So.2d 652, 656 (Miss.1994). Reed bears the burden of demonstrating that both *610 prongs have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985).
¶ 5. Additionally, there is a strong but rebuttable presumption that an attorney’s performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). The Strickland test is applied with deference to counsel’s performance, considering the totality of the circumstances to determine whether counsel’s actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The test is to be applied to the overall performance of the attorney. Strickland, 466 U.S. at 695, 104 S.Ct. 2052. With respect to the overall performance of the attorney, “counsel’s choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy.” Scott v. State, 742 So.2d 1190 (¶ 14) (Miss.Ct.App.1999); Cole v. State, 666 So.2d 767, 777 (Miss.1995); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984). With this in mind, we now turn to Reed’s allegations of ineffectiveness.
¶ 6. The record shows that Reed was provided effective counsel. Reed asserts that he involuntarily and unintelli-gently entered into the plea agreement due to his attorney’s deficient advice. The record reflects that Reed received the plea bargain that the parties had agreed upon, and the plea agreement was agreed to by Reed himself, who testified that he understood the agreement. We should also note that “if the defendant’s claims are totally contradicted by the record, the trial judge may rely heavily on the statements made under oath.” Richardson v. State, 769 So.2d 230, 235-36 (Miss.Ct.App.2000). Reed’s argument is ineffective as to these assertions of error.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF TALLAHATCHIE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TALLAHATCHIE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.