¶ 1. On February 17, 2004, Emmitt Williams was indicted in the Second Judicial District of Jones County for the sale of cocaine. Williams went to trial on August 31, 2004 and the jury returned a verdict of guilty. Williams was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections with five years suspended. The defendant appeals, raising the following issues:
 I. WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE GUILTY VERDICT
 II. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE
 III. WHETHER THE TRIAL COURT'S SENTENCE WAS CRUEL AND UNUSUAL PUNISHMENT
 ¶ 2. Finding no error, we affirm.
 FACTS ¶ 3. Kenneth Hickman was a confidential informant for the Laurel Narcotics Bureau. Hickman was paid sixty dollars each time he purchased drugs for the narcotics bureau. On December 18, 2002, Hickman went to the narcotics bureau where he discussed the next transaction with a narcotics agent, Jerry Merrill. Hickman was equipped with a secret camera which recorded audio and video. Merrill drove Hickman to the assigned destination which was 1154 Simmons Street in Laurel, Mississippi. Merrill gave Hickman forty dollars to purchase the drugs and Hickman got out of the vehicle.
 ¶ 4. Hickman knocked at the door at 1154 Simmons Street. Williams opened the door. When Hickman entered the house, he saw three rocks of cocaine on the table. Hickman asked to purchase the drugs and Williams handed Hickman two of the rocks of cocaine. Hickman paid Williams forty dollars for the cocaine and Hickman left the premises. There was another individual in the room during the transaction. He was watching television during the transaction and did not speak while Hickman was in the house.
 ¶ 5. Hickman walked back to the vehicle where Merrill had been listening to the conversation via the recording device Hickman was wearing. Merrill and Hickman went back to the narcotics division, where Merrill searched Hickman to assure that he did not keep any of the cocaine, retrieved the videotape from Hickman, took his statement, and paid him for his services. Hickman had no further involvement in the case.
 ¶ 6. Williams was indicted for selling cocaine and went to trial on August 31, 2004. At trial, the jury saw the videotape of the transaction as well as testimony from four witnesses. First, Hickman testified to the events that occurred on December 18, 2002. Hickman stated that he knew the defendant by the name of Emmitt Williams, and not by a street name. But Hickman acknowledged that he told Officer Merrill that he purchased the cocaine from an individual named Kojak. A defense witness, Sabrina Cody, testified that she had known Williams for four years and that Williams' nickname was Lil Mac. *Page 389 
 ¶ 7. Keith Macmahan, an employee of the Mississippi Crime Laboratory, testified that the substance was cocaine. Additionally, Officer Merrill testified that he interviewed Williams after he watched the video of the transaction. Officer Merrill said Williams waived his rights and confessed to selling cocaine. After hearing the above evidence, the jury returned a verdict of guilty.
 LAW AND ANALYSIS
I. WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE GUILTY VERDICT
 ¶ 8. When reviewing a sufficiency of the evidence claim, the Court considers the evidence in the light most favorable to the verdict. Bush v. State, 895 So.2d 836, 843(16) (Miss. 2005). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. (citing Jackson v. Virginia,443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). If the court reviews the evidence and finds that sustaining the verdict would sanction a manifest injustice, the court must grant a new trial.Burrell v. State, 613 So.2d 1186, 1191 (Miss. 1993). The evidence in this case is sufficient to support the guilty verdict.
 ¶ 9. Williams claims that there is insufficient evidence because Hickman, the paid informant, had a financial stake in the outcome and he was a convicted felon. Hickman was paid sixty dollars for the transaction. However, Hickman was paid sixty dollars regardless of whether or not Williams was convicted. Therefore, it is not accurate to state that Hickman had a financial stake in the outcome of the trial. Hickman was not going to be paid additional money if the jury returned a particular verdict.
 ¶ 10. Similarly, Williams' argument that there was insufficient evidence because Hickman was a convicted felon is not accurate. The fact that Hickman was a convicted felon does not provide a motivation to make a false report. Hickman was already convicted and there was no evidence at trial to prove that there were pending charges against Hickman. Even if Hickman had pending charges, that alone is inadequate to show that he exchanged his testimony for a favorable disposition on those pending charges.Fuller v. State, 910 So.2d 674, 681(20) (Miss.Ct.App. 2005).
 ¶ 11. Williams' contentions that the confidential informant was not credible assumes that the jury relied only on the testimony of the confidential informant. In the present case, there was corroborating circumstantial evidence, such as the actual video and testimony that Williams confessed to the crime, that the jury could have relied on as well. Therefore, the confidential informants credibility does not merit a finding that there was insufficient evidence to support the verdict.
 ¶ 12. Williams contends that there was a conflict in the case because Hickman testified that he knew the defendant by the name of Emmitt Williams, not by a nickname. Hickman also testified that he told Officer Merrill that he purchased drugs from Kojak. Although Hickman may not have properly identified Williams by name, Hickman identified Williams at trial as the person who sold him the cocaine. Also, Williams admits that he is the individual on the videotape. The fact that Williams admits that he is the individual on the videotape negates his argument that he was not the individual who sold Hickman cocaine because a jury can infer from the videotape that a drug exchange took place.
 ¶ 13. Williams argues that the video was insufficient evidence because the video *Page 390 
does not show drugs or money changing hands. Nevertheless, Hickman testified to the actual exchange and the video showed Williams making statements from which a jury could infer that a drug sale did take place. There was additional evidence that Hickman got out of Officer Merrill's vehicle on Simmons Street with forty dollars and without any drugs. Hickman immediately returned to Officer Merrill's vehicle with two rocks of cocaine and without the forty dollars. This testimony negated Williams' argument that there was not an exchange. Additionally, Officer Merrill was listening to the audio as the transaction occurred.
 ¶ 14. After reviewing the evidence in the light most favorable to the verdict, a jury could find beyond a reasonable doubt that the drug exchange between Williams and Hickman did take place. Therefore, we find that there was sufficient evidence to support the verdict.
II. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE
 ¶ 15. "To determine whether a jury verdict is against the overwhelming weight of the evidence, we view all of the evidence in the light consistent with the verdict and we give the State all favorable inferences which may be drawn from the evidence."Strong v. State, 600 So.2d 199, 204 (Miss. 1992) (citingCorley v. State, 584 So.2d 769, 773 (Miss. 1991)). The decision of the trial court will only be reversed when this Court is convinced that the trial court abused its discretion in failing to grant a new trial. Strong, 600 So.2d at 204. The evidence in this case fully supports the jury verdict.
 ¶ 16. Again, Williams contends that the verdict was incorrect because the informant told Officer Merrill that he purchased cocaine from Kojak, not from Williams. However, Williams agrees that he is the individual on the video. As previously discussed, there was an abundance of corroborating evidence that a reasonable jury could have relied on in identifying the person who committed the crime. Therefore, the guilty verdict was not against the overwhelming weight of the evidence.
III. WHETHER THE TRIAL COURT'S SENTENCE WAS CRUEL AND UNUSUAL PUNISHMENT
 ¶ 17. Generally, a sentence will not be disturbed on appeal as long as it does not exceed the maximum term allowed by statute.Wallace v. State, 607 So.2d 1184, 1188 (Miss. 1992). However, if a sentence is "grossly disproportionate" to the crime committed, the sentence is subject to attack on the grounds that it violates the prohibition of cruel and unusual punishment under the Eighth Amendment. Id. Williams was convicted for selling cocaine under Mississippi Code Annotated section 41-29-139. Mississippi Code Annotated section 41-29-139(b)(1) states the maximum sentence for this crime is thirty years. This crime carries a heavy penalty because the Mississippi legislature has responded to the public concern over serious drug problems.Stromas v. State, 618 So.2d 116, 123 (Miss. 1993). Williams was sentenced to twenty-five years in the Mississippi Department of Correction with five years suspended. Because Williams' sentence was within the statutory guidelines, the sentence is not grossly disproportionate to the crime committed. This claim is without merit.
 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF THE SECOND JUDICIALDISTRICT OF JONES COUNTY OF CONVICTION OF SALE OF COCAINE ANDSENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY *Page 391 OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARSSUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TOJONES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.