980 So.2d 336 (2008)
Frederick D. LOCKHART, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00523-COA.
Court of Appeals of Mississippi.
April 22, 2008.
*337 Frederick D. Lockhart, appellant, pro se.
Office of the Attorney General by Stephanie Breland Wood, attorney for appellee.
Before MYERS, P.J., IRVING and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Frederick D. Lockhart pleaded guilty to burglary of a dwelling in the Circuit Court of Lauderdale County and was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). He filed a petition for post-conviction relief in the circuit court, which was summarily denied. Lockhart raises seven issues on appeal. However, only the following issues are eligible for review:
I. Whether Lockhart was denied his right to effective assistance of counsel.
II. Whether Lockhart's plea was knowingly, intelligently, and voluntarily given. Finding that the circuit court did not err, we affirm.

FACTS
¶ 2. Lockhart was indicted for burglary of a dwelling as a habitual offender on March 31, 2004. Thereafter, on October 11, 2004, Lockhart filed a petition to enter a plea of guilty on the charge. The petition stated that Lockhart was to enter a plea "in the blind" to the offense of burglary of a dwelling, but not as a habitual offender. A guilty plea hearing was held on October 11, 2004, and Lockhart pleaded guilty to burglary. During the hearing, the judge asked Lockhart if he understood his plea agreement with the district attorney that in exchange for his guilty plea, the district attorney agreed not to pursue a habitual offender sentence. Lockhart answered that he understood the agreement. The judge also asked Lockhart if he understood the charges against him. The judge informed Lockhart that he had a right to go to trial and that by pleading guilty he waived that right. Once again, Lockhart answered that he understood. Upon the circuit court's inquiry, Lockhart also stated that no one had forced him to plead guilty, and he was satisfied with his attorney and with the representation that he had received. The circuit court further asked Lockhart whether he understood that the minimum sentence that he could receive as a non-habitual offender was three years, and the maximum sentence was twenty-five years and a $10,000 fine. Lockhart answered that he understood.
*338 ¶ 3. The circuit court found Lockhart guilty of burglary of a dwelling and set sentencing for November 15, 2004. After the sentencing hearing, Lockhart was sentenced to twenty-five years in the custody of the MDOC and ordered to pay a $10,000 fine.
¶ 4. On May 19, 2006, Lockhart filed a motion to vacate and set aside the sentence. He claimed that his counsel was ineffective and his guilty plea was involuntary as he was not adequately informed of his rights. The circuit court considered the motion without an evidentiary hearing and determined that it was without merit and frivolous. Subsequently, the circuit court entered an order denying Lockhart post-conviction relief. Aggrieved, Lockhart appeals.

STANDARD OF REVIEW
¶ 5. When reviewing the denial of a motion for post-conviction relief, we will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Pace v. State, 770 So.2d 1052, 1053 (¶ 4) (Miss.Ct.App.2000). However, where questions of law are raised, the applicable standard of review is de novo. Id.

ANALYSIS
I. Whether Lockhart was denied his right to effective assistance of counsel.
¶ 6. Lockhart argues that his counsel was ineffective, alleging that he was coerced by his attorney to take a "blind" plea to an offense that he never committed. Lockhart claims that his attorney did not ensure that he understood the true nature of the offense for which he was charged and failed to object to a factually defective indictment. The State contends that Lockhart's claims are unsubstantiated and that he provided no evidence that his attorney's performance was deficient.
¶ 7. The test for ineffective assistance of counsel is well known and requires a showing of deficiency in the performance of counsel and prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Bell v. State, 879 So.2d 423, 430-31 (¶ 8-10) (Miss.2004). To bring a successful claim for ineffective assistance of counsel, pursuant to the Supreme Court's ruling in Strickland, the defendant must prove that his attorney's overall performance was deficient and that this deficiency deprived him of a fair trial. Strickland, 466 U.S. at 687, 104 S.Ct. 2052; Moore v. State, 676 So.2d 244, 246 (Miss.1996) (citing Perkins v. State, 487 So.2d 791, 793 (Miss.1986)). We must be mindful of the "strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic." Covington v. State, 909 So.2d 160, 162 (¶ 4) (Miss.Ct.App.2005) (quoting Stevenson v. State, 798 So.2d 599, 602 (¶ 6) (Miss.Ct.App.2001)). To overcome this presumption, the defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052; Woodson v. State, 845 So.2d 740, 742 (¶ 9) (Miss.Ct.App.2003).
¶ 8. After viewing the record before us, we do not find that the circuit court erred when it dismissed Lockhart's motion for post-conviction relief. Lockhart has failed to provide any evidence which purports to show that his guilty plea was coerced. At Lockhart's plea hearing, the judge explained to him the charges against him, his rights, and the effects and consequences of the plea. The judge also asked Lockhart several questions before accepting his plea. *339 During the judge's inquiry, Lockhart stated that he understood the charges against him and admitted to committing the crime. Lockhart was specifically asked whether he was coerced into making the plea to which he responded that he was not. Additionally, Lockhart testified that he reviewed the case with his attorney, and he was satisfied with the help and assistance that his attorney provided to him.
¶ 9. We give "[g]reat weight . . . to statements made under oath and in open court during sentencing." Sanchez v. State, 913 So.2d 1024, 1027 (¶ 8) (Miss.Ct. App.2005) (quoting Young v. State, 731 So.2d 1120, 1123 (¶ 12) (Miss.1999)). Statements made during guilty plea hearings are made under oath; therefore, "[t]here should be a strong presumption of validity." Id. (quoting Mowdy v. State, 638 So.2d 738, 743 (Miss.1994)). Further, we have held that "when the trial court questions the defendant and explains his rights and the effects and consequences of the plea on the record, the plea is rendered voluntary despite advice given to the defendant by his attorney." Richardson v. State, 769 So.2d 230, 234 (¶ 6) (Miss.Ct.App. 2000) (citing Roland v. State, 666 So.2d 747, 750 (Miss.1995)). Therefore, the circuit court did not err in determining that Lockhart's decision to enter a guilty plea was not coerced.
¶ 10. Furthermore, Lockhart provides no evidence to support his claim that his indictment was factually defective. The circuit court found that Lockhart was properly indicted for the crime of burglary. Lockhart's attorney cannot be found deficient for failing to object to the indictment. "An attorney cannot be expected to object to a valid indictment." Id. at 234-35 (¶ 11).
¶ 11. Consequently, the record does not indicate that the representation of Lockhart was deficient in any way, nor has Lockhart provided any evidence that his trial would have ended with a different result had his attorney not recommended that he plead guilty. The issue is without merit.
II. Whether Lockhart's plea was knowingly, intelligently, and voluntarily given.
¶ 12. A guilty plea is voluntary and intelligent only if the defendant has been advised "concerning the nature of the charge against him and the consequences of the plea." Alexander v. State, 605 So.2d 1170, 1172 (Miss. 1992) (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). More specifically, the defendant must be informed that by pleading guilty he waives the following: (1) the right to a jury trial; (2) the right to confront adverse witnesses; and (3) the right to protection against self-incrimination. Id. (citing Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Pursuant to Rule 8.04(A)(4)(b) of the Uniform Rules of Circuit and County Court Practice, the circuit court must also "inquire and determine . . . [t]hat the accused understands . . . the maximum and minimum penalties provided by law."
¶ 13. Lockhart contends that the circuit court erred by accepting his plea because it did not ensure that the plea was knowingly, intelligently, and voluntarily given. He argues that his guilty plea was not made voluntarily because he was not advised of the nature of the charges against him. However, the record reflects otherwise. During the plea hearing, Lockhart testified that he understood the crime with which he was charged, as well as what the prosecution had to prove and the possible defenses available to him. He also notified the judge that he understood that he could possibly receive a sentence from three to twenty-five years and a fine up to $10,000. *340 Further, Lockhart testified that he understood that by pleading guilty he waived the following guarantees: (1) the right to plead not guilty; (2) the right to a speedy public trial by a jury; (3) the presumption of innocence; (4) the right to confront his accusers; (5) the right to testify in his own defense, if he chose to do so; and (6) the right to have legal representation throughout his trial and appeal. Lockhart testified that he understood that the judge was not bound by any recommendation, and he could be sentenced anywhere from the minimum to the maximum sentence. Lockhart also testified that no one forced him to plead guilty, and he confirmed to the judge it was his decision. Therefore, we conclude that Lockhart's plea of guilty to the charge of burglary of a dwelling was knowingly, intelligently, and voluntarily given. This issue is without merit.
III. Other issues raised in Lockhart's brief are procedurally barred.
¶ 14. Lockhart raises five additional issues on appeal that were not raised in his motion for post-conviction relief. Thus, he is procedurally barred from raising them on appeal. Welch v. State, 958 So.2d 1288, 1292 (¶ 12) (Miss.Ct.App.2007).
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND CARLTON, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.