MYERS, P.J., for the Court.
 

 ¶ 1. Raymond Bowling, Sr., pleaded guilty to fondling. He was sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with eight years suspended. Bowling filed a motion for post-conviction relief, which the trial court denied. Aggrieved from the denial, he appeals. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On or about August 2, 2005, Bowling was indicted pursuant to Mississippi Code Annotated section 97-5-23 (Rev.2000) for fondling a child under the age of sixteen. On January 26, 2006, Bowling withdrew his not guilty plea and entered a plea of guilty. Following the recommendation of the State, the trial court sentenced Bowling to fifteen years in the custody of the MDOC, with eight years suspended. Due to the nature of the crime, the trial court sentenced the remaining seven years of Bowling’s sentence to be served day-for-day. The court also fined Bowling $1,000 and ordered him to pay court costs in the amount of $476.50. Furthermore, the court placed him on post-release supervision for five years once he was released from incarceration, and he was ordered to register as a sex offender.
 

 
 *609
 
 ¶ 3. On or about September 21, 2006, Bowling filed a motion for post-conviction relief and motion to vacate, set aside, or correct Ms sentence in the Circuit Court of Itawamba County. The trial court denied Bowling’s motion for post-conviction relief. Aggrieved from the denial, Bowling filed his appeal in a timely manner. On appeal, Bowling alleges five errors: (1) his rights were violated when he was sentenced to serve his time day-for-day; (2) his guilty plea was not knowing and voluntary; (3) his sentence was outside the statutory limits; (4) his indictment was faulty; and (5) he received ineffective assistance of counsel.
 

 STANDARD OF REVIEW
 

 ¶ 4. It is well settled that “[w]hen reviewing a lower court’s decision to deny a petition for post[-]eonviction relief [,] [the appellate court] will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.”
 
 Lambert v. State,
 
 941 So.2d 804, 807(¶14) (Miss.2006). “However, where questions of law are raised[,] the applicable standard of review is de novo.”
 
 Id.
 

 DISCUSSION
 

 ¶ 5. Bowling’s motion for post-conviction relief in the trial court only contained two issues: whether Bowling’s sentence was legal, and whether he received ineffective assistance of counsel. On appeal, he raises the five issues listed above. Therefore, we will only address the issues that were raised in his motion for post-conviction relief to the trial court.
 
 See Lockhart v. State,
 
 980 So.2d 336, 340(¶ 14) (Miss.Ct.App.2008) (additional issues raised on appeal that were not raised in the motion for post-conviction relief at the trial court are proeedurally barred).
 

 I. Sentence
 

 ¶ 6. Bowling argues that he was improperly sentenced because he was sentenced to serve his time day-for-day. Mississippi Code Annotated section 97-5-23 states that a person convicted under this section shall receive a sentence of imprisonment of not less than two years and not more than fifteen years. Bowling was sentenced to fifteen years, with eight of those years suspended. The remaining seven years were to be served day-for-day.
 

 ¶ 7. “[T]he imposition of a sentence, if it is within the limits prescribed by statute, is a matter left to the sound discretion of the trial court.”
 
 Hersick v. State,
 
 904 So.2d 116, 128(¶49) (Miss.2004) (quoting
 
 King v. State,
 
 857 So.2d 702, 731 (¶ 107) (Miss.2003)). “[A] sentence will not be disturbed on appeal as long as it does not exceed the maximum term allowed by statute.”
 
 Williams v. State,
 
 936 So.2d 387, 390(¶17) (Miss.Ct.App.2006). Clearly, as Bowling’s sentence is within the prescribed limits of Mississippi Code Annotated section 97-5-23, we find that it does not exceed the maximum term allowed by statute. Accordingly, this argument is without merit.
 

 II. Ineffective Assistance of Counsel
 

 ¶ 8. A claim of ineffective assistance of counsel is judged by the standard stated in
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), The two inquiries under that standard are: (1) whether counsel’s performance was deficient, and if so, (2) whether that deficient performance was prejudicial to the defendant’s defense in the sense that the defendant was deprived of a fair trial.
 
 Id.
 
 at 687, 104 S.Ct. 2052. “To show prejudice, the claimant must demonstrate that, but for his attorney’s errors, there is a reasonable probability that a different result would have occurred.” Watts
 
 v. State,
 
 981 So.2d 1034, 1039(¶ 12) (Miss.Ct.App.2008). “This standard is also applicable to the
 
 *610
 
 entry of a guilty plea.”
 
 Roland v. State,
 
 666 So.2d 747, 750 (Miss.1995). The burden of proving both prongs of
 
 Strickland
 
 is on the defendant, “who faces a ‘rebutta-ble presumption that counsel’s performance falls within the broad spectrum of reasonable professional assistance.’ ”
 
 Walker v. State,
 
 703 So.2d 266, 268(¶ 8) (Miss.1997) (citation omitted).
 

 ¶ 9. Bowling argues that his attorney was ineffective because she failed to object to the indictment. Bowling argues that his indictment was faulty because it did not contain a provision that discussed the eligibility of parole for prisoners pursuant to Mississippi Code Annotated section 47-7-3 (Rev.2004). In
 
 Richardson v. State,
 
 769 So.2d 230 (Miss.Ct.App.2000), this Court faced the exact same argument that Bowling is making in the present case. In a separate issue section, the
 
 Richardson
 
 court held that a valid indictment does not have to contain language regarding whether a person will be eligible for parole, holding “[t]he only deficiency that survives waiver by a guilty plea is not including the essential elements of the crime or lack of jurisdiction.”
 
 Id.
 
 at 233(¶ 5). Using this ruling, the
 
 Richardson
 
 court addressed the defendant’s ineffective assistance of counsel argument, holding that “[a]n attorney cannot be expected to object to a valid indictment.”
 
 Id.
 
 at 234-35(¶ 11).
 

 ¶ 10. The same analysis applies here. Bowling’s indictment was not faulty for its failure to contain a provision for his eligibility for parole because it is not an essential element of the crime or has no effect on jurisdiction. Applying the rule in
 
 Richardson,
 
 Bowling’s attorney was not ineffective for her failure to object to a valid indictment.
 

 ¶ 11. Bowling also argues that his attorney was ineffective because she represented Bowling’s ex-wife in their divorce. He states that this caused a conflict of interest, which the court should have resolved.
 

 ¶ 12. This Court in
 
 Lawrence v. State,
 
 970 So.2d 1291, 1297(¶ 13) (Miss.Ct.App.2007) faced a similar argument and ruled that the defendant must prove that his attorney was “actively representing a conflicting interest” and that the conflict of interest adversely affected his attorney’s performance.
 

 ¶ 13. Bowling does not provide any evidence that the possible conflict of interest affected his attorney’s performance. In fact, during his guilty plea, Bowling stated that he was satisfied with the assistance his attorney had provided and that she had represented his best interest in the case. “We give ‘great weight ... to statements made under oath and in open court during sentencing.’ ”
 
 Id.
 
 at (¶ 15) (citation omitted). “Statements made during guilty plea hearings are made under oath; as such, ‘there should be a strong presumption of validity.’ ”
 
 Id.
 
 (citation omitted).
 

 ¶ 14. Furthermore, Bowling had not provided any proof that the outcome of his case would have been any different if his counsel would have objected to the indictment and a court would have resolved the alleged conflict of interest. Accordingly, this assignment of error is without merit.
 

 ¶ 15. THE JUDGMENT OF THE ITAWAMBA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAM-BA COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.